UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

JOSHUA WENDORF
231 11th Avenue North
Wisconsin Rapids, Wisconsin 54494

        Plaintiff,                        Case No.: 19-cv-251

        v.                            **JURY TRIAL DEMANDED**

VILLAGE OF PLOVER
P.O. Box 37
Plover, Wisconsin 54467

        Defendant

---

## COMPLAINT

---

COMES NOW Plaintiff, Joshua Wendorf, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Plaintiff resides in the Western District of Wisconsin, Defendant is a municipality located in the Western District of Wisconsin, and the unlawful employment practices of which Plaintiff complains occurred within the Western District of Wisconsin.

## PARTIES AND COVERAGE

3.      Plaintiff, Joshua Wendorf, is an adult male resident of the State of Wisconsin with a post office address of 231 11th Avenue North, Wisconsin Rapids, Wisconsin 54494.

4.      Defendant, Village of Plover, was, at all material times herein, a municipality located in the State of Wisconsin with a principal address of P.O. Box 37, Plover, Wisconsin 54467.

5.      During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

6.      During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA.

7.      During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

8.      During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

9.      During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA.

10.     During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

## GENERAL ALLEGATIONS

11.     On or about March 21, 2018, Defendant hired Plaintiff as a Paramedic.

12.     As of the date of this Complaint, Plaintiff is still currently employed by Defendant.

13.     During Plaintiff's employment with Defendant, Plaintiff's primary job duty and job responsibility was to complete emergency medical transports to local hospitals.

14.     During Plaintiff's employment with Defendant, Plaintiff performed compensable work as a Paramedic on behalf of Defendant, for Defendant's benefit, at the direction of Defendant, and/or with Defendant's knowledge.

15.     During Plaintiff's employment with Defendant, Plaintiff was not employed by a fire department.

16.     During Plaintiff's employment with Defendant and in Plaintiff's position as Paramedic, Plaintiff did not engage in fire protection activities.

17.     During Plaintiff's employment with Defendant and in Plaintiff's position as Paramedic, Plaintiff was not trained in fire suppression.

18.     During Plaintiff's employment with Defendant and in Plaintiff's position as Paramedic, Plaintiff did not have the legal authority to fight fires.

19.     During Plaintiff's employment with Defendant and in Plaintiff's position as Paramedic, Plaintiff did not have the responsibility to fight fires.

20.     During Plaintiff's employment with Defendant and in Plaintiff's position as Paramedic, Plaintiff did not engage in fire suppression work.

21.     During Plaintiff's employment with Defendant and in Plaintiff's position as Paramedic, Plaintiff did not engage in the prevention, control, and extinguishment of fires.

22.     During Plaintiff's employment with Defendant and in Plaintiff's position as Paramedic, Plaintiff did not engage in law enforcement activities.

23.     During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

24.     During Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for FLSA purposes.

25.     During Plaintiff's employment with Defendant, Defendant's established workweek for FLSA purposes was Sunday through Saturday.

26.     During Plaintiff's employment with Defendant, Defendant compensated Plaintiff for hours worked and work performed on a bi-weekly basis via check.

27.     During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked in excess of forty (40) hours per workweek.

28.     During Plaintiff's employment with Defendant, Plaintiff frequently and regularly worked in excess of forty (40) hours per workweek on behalf of Defendant, for Defendant's benefit, at the direction of Defendant, and/or with Defendant's knowledge.

29.     During Plaintiff's employment with Defendant and on a daily basis, Plaintiff's customary practice was to perform work in twelve (12) hour shifts.

30.     During Plaintiff's employment with Defendant and on a daily basis, Defendant's customary practice was to compensate Plaintiff for hours worked and/or work performed in only Plaintiff's twelve (12) hour scheduled shifts.

31.     During Plaintiff's employment with Defendant and on a daily basis, Defendant did not keep or maintain accurate records of Plaintiff's actual hours worked and/or work performed.

32.     During Plaintiff's employment with Defendant and on a daily basis, Defendant did not compensate Plaintiff for any pre-shift hours worked and/or work performed, such as: receiving reports or updates from the shift that he relieved; prepping and/or restocking Defendant's vehicle(s) on which Plaintiff was working; performing routine maintenance, cleaning, and/or inspection of the vehicle(s) on which Plaintiff was working; and/or performing or conducting other related preparatory tasks so that Plaintiff was ready to work as soon as his scheduled shift started.

33.     During Plaintiff's employment with Defendant and on a weekly basis, Defendant's customary practice was to compensate Plaintiff at a regular rate of pay for hours worked and/or work performed in excess of forty (40) in a workweek.

34.     During Plaintiff's employment with Defendant and on a weekly basis, Defendant's customary practice was to not compensate Plaintiff at an overtime rate of pay for hours worked and/or work performed in excess of forty (40) in a workweek.

35.     At times during Plaintiff's employment with Defendant, Defendant compensated Plaintiff with compensatory time.

36.     During Plaintiff's employment with Defendant and when Defendant compensated Plaintiff with compensatory time, Defendant did so at Plaintiff's regular rate of pay.

37.     During Plaintiff's employment with Defendant and when Defendant compensated Plaintiff with compensatory time, Defendant did not do so at an overtime rate of pay.

38.     During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or legally compensate him for all hours worked and/or work performed, including those hours worked in excess forty (40) in a workweek.

39.     During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him at an overtime rate of pay for all hours worked and/or work performed beyond forty (40) hours in a workweek, in violation of the FLSA.

40.     Defendant knew or should have known that, in accordance with the FLSA, it must compensate Plaintiff at an overtime rate of pay for all hours worked and/or work performed during workweeks when he performed compensable work in excess of forty (40) hours.

41.     During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work without appropriately and lawfully compensating him at an overtime rate of pay for all compensatory time it provided to Plaintiff, in violation of the FLSA.

42.     Defendant had a statutory duty to comply with the FLSA and to remedy FLSA violations of which it was aware and/or of which it should have been aware.

43.     As a result of Defendant's unlawful failure to compensate Plaintiff with overtime pay for any and all hours worked beyond forty (40) hours in a workweek, Defendant owes Plaintiff a total monetary amount that remains to be determined, in addition to liquidated damages and attorneys' fees and costs.

## CAUSES OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

44.     Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

45.     Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

46.     At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

47.     Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) during a workweek.

48.     Defendant intentionally violated the FLSA by not compensating Plaintiff with an overtime rate of pay for all pre-shift hours worked beyond forty (40) during a workweek.

49.     Defendant intentionally violated Section 207(o) of the FLSA by not compensating Plaintiff at an overtime rate of pay for the compensatory time it provided to Plaintiff during Plaintiff's employment with Defendant.

50.     Defendant's failure to properly and legally compensate Plaintiff with an overtime rate of pay for each hour worked beyond forty (40) in a workweek and for compensatory time provided was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

51.     Plaintiff is entitled to damages within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

52.     Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for overtime wages, and pre-judgment and post-judgment interest, and for all times spent performing

compensable work for which Plaintiff was not properly paid as provided under the FLSA;

2. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute;

3. Grant to Plaintiff liquidated damages against Defendant; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 2nd day of April, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff

**s/ *James A. Walcheske***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com