UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSHUA WENDORF,

        Plaintiff,

v.                                      Case No. 19-cv-251-WMC

VILLAGE OF PLOVER,

        Defendant.

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Pursuant to Rule 7(b), the Parties to the above-captioned case, by and through their respective undersigned counsel, respectfully move this Court for approval of their Settlement Agreement. In support thereof, the Parties state and jointly stipulate as follows:

1. On April 2, 2019, Plaintiff, Joshua Wendorf ("Wendorf"), filed his Complaint against Defendant, the Village of Plover ("the Village") (collectively, the "Parties"), in the United States District Court, Western District of Wisconsin, alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. (*See* ECF No. 1.) Specifically, Wendorf alleged that the Village improperly compensated him in the same fashion it compensated its firefighter personnel and, thus, failed to compensate him for all hours worked in excess of forty (40) hours in a workweek, in violation of the FLSA. The Village denied Wendorf's allegations.

2. The Village denied and continues to deny Wendorf's allegations. The Village believes it compensated Wendorf properly and lawfully pursuant to the FLSA and disputes that it misclassified his position for overtime compensation purposes.

3. Wendorf has not raised any collective action claims under the FLSA or class claims

under Rule 23. Wendorf proceeded only in his individual capacity.

4. The Parties have litigated this case for almost one (1) year. During that time, they have engaged in multiple rounds of discovery, including the exchange of timekeeping and payroll records, and conducted multiple depositions. Through the course of discovery, the Parties fully developed their arguments supporting their opposed positions, and both were prepared to move this Court for summary judgment with respect to the same.

5. In an effort to avoid the costs and uncertainty of continued litigation, the Parties recently agreed to enter into settlement negotiations.

6. Subsequently, the Parties engaged in good-faith, arm's length settlement negotiations. The Parties were both represented by competent and experienced counsel during these negotiations.

7. The Parties' settlement discussions have resulted in a resolution embodied in a Settlement Agreement that has been filed herewith as **Exhibit 1** to the present Motion.

8. As consideration for entering into the Settlement Agreement, the Village has agreed to pay Wendorf the total of $55,575.02. Of that amount, $18,031.62 is payable to Wendorf for his alleged overtime wages owed ($9,015.81) and liquidated damages ($9,015.81). The remainder reimburses Wendorf for his reasonable attorneys' fees and litigation costs expended in this matter.

9. As consideration for entering into the Settlement Agreement, Wendorf has agreed to, in part, seek dismissal of this action with prejudice and without costs to either party (with the exception of those agreed to in the Settlement Agreement), and has agreed to a general release of all claims he has, had, or may have against the Village. This general release includes a release of all claims Wendorf possesses or may possess under the FLSA and Wisconsin wage and hour laws.

10. The Parties and their respective counsel believe and agree their Settlement

Agreement represents a fair, reasonable, and adequate resolution of a *bona fide* dispute between the Parties regarding provisions of the FLSA.

11. The Parties seek this Court's approval of their Settlement Agreement for purposes of rendering the Settlement Agreement binding on the parties and, specifically, enforcing Wendorf's release of claims under the FLSA. *See Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986).

**WHEREFORE,** the Parties respectfully request that this Court enter an Order granting their Motion for Approval and approving the Parties' Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute.

Dated this 12th day of March, 2020.

| | |
|---|---|
| **KASDORF, LEWIS & SWIETLIK, S.C.** | **WALCHESKE & LUZI, LLC** |
| Counsel for Defendant Village of Plover | Counsel for Plaintiff Joshua Wendorf |
| | |
| s/ Michael J. King | s/ James A. Walcheske |
| Attorney Thomas A. Cabush | Attorney James A. Walcheske |
| State Bar No. 1019433 | State Bar No. 1065635 |
| Attorney Michael J. King | Attorney Scott S. Luzi |
| State Bar No. 1085336 | State Bar No. 1067405 |
| Attorneys for Defendant | Attorneys for Plaintiff |
| Kasdorf, Lewis & Swietlik, S.C. | Walcheske & Luzi, LLC |
| 11270 West Park Place, Suite 500 | 15850 West Bluemound Road, Suite 304 |
| Milwaukee, Wisconsin 53224 | Brookfield, Wisconsin 53005 |
| Phone: (414) 577-4000 | Phone: (262) 780-1953 |
| Fax: (414) 577-4400 | Fax: (262) 565-6469 |
| tcabush@kasdorf.com | jwalcheske@walcheskeluzi.com |
| mking@kasdorf.com | sluzi@walcheskeluzi.com |