# SETTLEMENT AGREEMENT

**THIS AGREEMENT** is made by and between Joshua Wendorf ("Wendorf") and the Village of Plover ("the Village") and takes effect on the day Wendorf and the Village have both executed a copy of this Agreement (the "Effective Date").

## RECITALS

A. On April 2, 2019, Wendorf, who was employed by the Village, filed an action entitled *Wendorf v. Village of Plover*, Case No. 19-CV-251, in the United States District Court for the Western District of Wisconsin (the "Action").

B. In the Action, Wendorf alleged violations of the Fair Labor Standards Act ("FLSA"), seeking recovery of wages, liquidated damages, and attorneys' fees and costs. The Village denied Wendorf's allegations and denied any and all liability to Wendorf.

C. While Wendorf continues to believe that the claims he advanced in 19-CV-251 have merit, and while the Village denies each of the claims asserted against it in the Action and makes no admission whatsoever of wrongdoing or liability, Wendorf and the Village (together, the "Parties") agree to resolve the claims asserted in the Action on the terms and conditions set forth in this Agreement, subject to court approval of this Agreement, for the purpose of avoiding the burden, expense, and uncertainty of continuing litigation of the Action.

**THEREFORE,** based upon the above recitals, the Parties agree as follows:

1. **Recitals.** The recitals set forth above are incorporated herein by reference and are explicitly made a part of this Agreement.

2. **Actions to Be Taken by the Village.** Within 30 days of the order identified in Paragraph 3 below, and in consideration for the terms and conditions set forth herein, the Village agrees to pay a total of $55,575.02, divided as follows:

   a. The Village shall pay Wendorf the gross amount of $9,015.81, less applicable payroll deductions, for back pay damages alleged in the Action. The Village will issue a Form W-2 to Wendorf reflecting this payment.

   b. The Village shall pay Wendorf $9,015.81 for liquidated damages as alleged in the Action. The Village will issue a Form 1099-MISC to Wendorf reflecting this payment. Upon signing this Agreement, Wendorf shall provide the Village with a completed Form W-9 to facilitate such payment.

   c. The Village shall pay counsel for Wendorf $37,543.40 as reimbursement for his reasonable attorneys' fees and costs. This payment will be payable to Walcheske & Luzi, LLC. The Village will issue a Form 1099-MISC to Walcheske & Luzi, LLC for this payment. Upon Wendorf's signing this Agreement, Walcheske & Luzi, LLC, shall provide the Village with a completed Form W-9 to facilitate such payment.

   These payments shall be made in full and final settlement of the Action.

3. **Dismissal.** The Parties agree to cooperate and take all steps necessary and appropriate to secure dismissal of the Action with prejudice. Specifically, Wendorf shall present this Agreement to the Court together with a joint motion seeking an order approving this Agreement as a fair and reasonable

resolution of bona fide legal and factual disputes raised in the Action, dismissing the Action with prejudice, and declaring this Agreement to be binding on the Parties.

4. **General Release.** In consideration of the actions to be taken by the Village in accordance with Paragraph 2, above, and the other benefits being provided under this Agreement, Wendorf and his respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, successors-in-interest, and assigns hereby forever and completely release, discharge, and waive any and all claims, causes of action, or any type of lawsuit, whether known or unknown, whether based on contract, tort, equity, statute, rule, regulation, or ordinance, that he may have through the date of his execution of this Agreement against the Village (including their employee benefit plans, plan fiduciaries, plan administrators, insurers, employees, officers, shareholders, agents, and representatives), including, but not limited to, all contract and tort rights, as well as claims arising under, by way of illustration and not limitation, the following federal laws and their counterparts at state, local, and common law: the Fair Labor Standards Act, as amended; Chapter 109 of the Wisconsin Statutes and any and all other Wisconsin wage-and-hour laws; the Family and Medical Leave Act, as amended; the Americans with Disabilities Act, as amended; Title VII of the Civil Rights Act of 1964, as amended; the Wisconsin Fair Employment Act; the National Labor Relations Act; and the Employee Retirement Income Security Act of 1974.

    The Parties intend this Paragraph 4 to be as broad as the law permits, except that this release does not act as a waiver of rights that by law cannot be waived. Wendorf does, however, expressly waive his right to any individualized recovery of any value obtained on his behalf by any third party.

5. **Non-Admission.** Neither Party admits to any wrongdoing, liability, or illegal act towards the other by entering into this Agreement. Neither the consideration described above, nor the manner in which it is characterized in this Agreement, is intended to represent an admission of fault or liability on the part of the Village. This entire Agreement represents the decision of the Parties to resolve their disputes on a compromise basis in order to avoid the risk, expense, delay, and effort necessarily associated with further litigation and does not represent a lack of confidence on the part of any Party in the rectitude of its position, the efficiency of the legal system, or the competence of their attorneys. The Parties also believe and agree that reporting the amounts payable by the Village pursuant to this Agreement via IRS Forms W-2 and 1099-MISC is consistent with applicable tax laws.

6. **No Reinstatement.** Wendorf agrees not to knowingly seek any further employment with the Village in any capacity. In the event Wendorf applies for a position with the Village, the Village shall be free to disregard his application.

7. **General Provisions.**

    a. <u>Entire Agreement</u>.  This Agreement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action. This Agreement supersedes all prior negotiations and agreements and may not be modified or amended except by a document in writing signed by the Parties and their respective attorneys. Such written document may be executed in counterparts.

    b. <u>Effectuation of Agreement</u>. The parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Agreement.

    c. <u>Execution in Counterparts</u>.  This Agreement may be signed in one or more counterparts.

d. <u>Warranties</u>.  The parties to this Agreement warrant that they are acting upon their independent judgment and upon the advice of their own counsel and not in reliance upon any warranty or representation, express or implied, of any nature or kind by any other party, other than the warranties and representations expressly made in this Agreement.

e. <u>Legal Representation</u>.  The parties to this Agreement acknowledge that they have been represented by qualified legal counsel both in connection with the Action and in connection with the negotiation, drafting, and execution of this Agreement.  Accordingly, the language used in this Agreement will be deemed to be language chosen by all parties hereto to express their mutual intent, and no rule of strict construction against any party hereto will apply to any term or condition of this Agreement.

f. <u>Severability.  If any provision of this Agreement is declared void or unenforceable by any court of competent jurisdiction, then all other provisions shall remain in full force and effect.</u>

g. <u>Choice of Law</u>.  This Agreement shall be construed, enforced, and administered in accordance with the laws of the state of Wisconsin.

h. <u>No Waiver of Breach</u>. Any failure to enforce strict performance of this Agreement shall not be deemed a waiver of the right to do so unless expressly waived in writing.

i. <u>Successors and Assigns</u>. This Agreement is binding upon and inures to the benefit of: (i) Wendorf; (ii) the Village; and (iii) any of the heirs, successors, assigns, attorneys, and/or personal representatives of the foregoing persons and entities.

j. <u>Best Efforts</u>.  The Parties agree to cooperate in the execution of such documents and pleadings as are reasonably necessary and appropriate to obtain approval of and implementation of this Agreement, and to use their best efforts to perform all terms of this Agreement.

k. <u>Continuing Jurisdiction/Dispute Resolution</u>. The Court shall retain jurisdiction over the implementation of this Agreement.  Any dispute that may arise under this Agreement, if the dispute cannot be resolved between the parties, shall be submitted to the Court within 60 days after one party notifies the other party of the dispute.

**IN WITNESS WHEREOF,** the undersigned have executed this Agreement on the date first written below.

_____     03/10/2020
Joshua Wendorf                              Date

VILLAGE OF PLOVER


_____     _____
Authorized Representative                Date
Village of Plover