IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOSHUA WENDORF,

                    Plaintiff,                    OPINION AND ORDER

    v.

                                                           19-cv-251-wmc

VILLAGE OF PLOVER,

                    Defendant.

In this case, plaintiff Joshua Wendorf brought suit against his former employer, the Village of Plover ("the Village"), alleging that it had failed to properly compensate him for overtime worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203, *et seq*. On March 12, 2020, one day before the dispositive motion deadline, the parties notified the court that they had reached a settlement agreement. Although the settlement only concerns the claim brought by Wendorf personally, and does not involve any FLSA collective action or Rule 23 class claims, because the settlement agreement would release all of Wendorf's claims with prejudice, including his FLSA claims, the parties seek court approval. (Dkt. #11.)

To avoid a challenge to the validity of a settlement of FLSA claims, either approval by a court or the Department of Labor is required. *See Walton v. United Consumers Club*, 786 F.2d 303, 306 (7th Cir. 1986) ("[T]he Fair Labor Standards Act is designed to prevent consenting adults from transaction about minimum wages and overtime pay. Once the Act makes it impossible to agree on the amount of pay, it is necessary to ban private settlements of disputes about pay. Otherwise the parties' ability to settle disputes would allow them to establish sub-minimum wages."). Here, Wendorf alleges that the Village improperly

compensated him -- a paramedic -- in the same fashion in which it compensated its firefighter personnel and, in doing so, failed to compensate him for all hours worked in excess of forty in a workweek in violation of the FLSA. (Joint Mot. Approval of Settlement (dkt. #11) ¶ 1.) The Village, for its part, maintains that it "compensated Wendorf properly and lawfully pursuant to the FLSA and disputes that it misclassified his position for overtime compensation purposes." (*Id.* ¶ 2.) After engaging in discovery, including an exchange of timekeeping and payroll records, and conducting multiple depositions, both parties were prepared to move for summary judgment. (*Id.* ¶ 4.) The parties then engaged in "good-faith, arm's length settlement negotiations," the results of which are now before this court.

As set forth in the agreement, the Village has agreed to pay a total of $55,575.02. Of that amount, $18,031.62 is payable directly to Wendorf for his alleged overtime wages owed ($9,015.81) and liquidated damages ($9,015.81). The remaining $37,543.40 is to be paid to plaintiff's counsel as reimbursement for attorneys' fees and costs. In exchange, Wendorf has agreed to release all claims against the Village. Ordinarily, this court would readily approve as reasonable a settlement agreement between adverse parties represented by counsel, but the information provided to date is insufficient for the court to adequately review the settlement agreement under the FLSA.

Specifically, the FLSA bars settlements that "establish sub-minimum wages." *Walton*, 786 F.2d at 306. In approving a settlement, the court must determine whether the settlement's terms and conditions represent "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and reflect a "compromise of disputed issues [rather]

2

than a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). Because the parties have only indicated that Wendorf sometimes worked more than 40 hours per week, the court is unable to determine whether the agreement proposed is reasonable and does not establish a "sub-minimum wage." *See Butz v. Automation Solutions of Am., Inc.*, 16-cv-696-jdp, at *3 (W.D. Wis., Sept. 5, 2017) (denying without prejudice motion to approve individual FLSA settlement where the parties "only indicate that [plaintiff] received a salary (we don't know what it was) and sometimes worked more than 40 hours a week").

Moreover, the court observes that the attorneys' fees and costs represent over 65% of the total settlement amount, which is significantly greater than the standard one-third contingency fee. *See Butz v. Automation Sols. of Am., Inc.*, No. 16-CV-696-JDP, 2017 WL 5713986, at *1 (W.D. Wis. Nov. 7, 2017) (approving an FLSA settlement where plaintiff's counsel "will obtain the standard one-third contingency fee and no more"); *Hernandez v. Cameo Investments, LLC*, No. 19-CV-356-WMC, 2019 WL 5558434, at *2 (W.D. Wis. Oct. 28, 2019) ("While the court would normally be troubled by a settlement agreement where 65% of the fund is allocated for attorneys' fees and costs, here, the amount of money is so small, that this concern is lessened."). Perhaps these fees are consistent with a written undertaking between plaintiff's counsel and plaintiff, or represent or are proportionate to the actual time plaintiff's counsel spent working on the case, in which case they may well be reasonable. *See Okoro v. Pyramid 4 Aegis*, No. 11-C-267, 2012 WL 12356838, at *1 (E.D. Wis. Nov. 15, 2012) (noting that "proportionality between fees and damages is not

3

required" and approving FLSA award of attorneys' fees represented 75% of total award under the lodestar approach, "multiplying a reasonable hourly rate by the number of hours reasonably expended on the litigation"). But, again, the court has no basis for determining whether the overall settlement agreement "a reasonable compromise of disputed issues rather than a mere waiver of statutory rights," at least on the record before the court. *Burkholder v. City of Ft. Wayne*, 750 F. Supp. 2d 990, 995 (N.D. Ind. 2010) (quoting *Misiewicz v. D'Onofrio Gen. Contractors*, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010)).

Accordingly, the court does not currently have sufficient information to determine whether the settlement agreement represents a fair and reasonable resolution of a *bona fide* dispute. Rather than dismiss the parties' joint motion for approval of settlement, however, the court will allow the parties time to supplement their submission to provide the court with additional information consistent with this opinion. Failing that, the court will dismiss the joint motion without prejudice. Should the parties provide this additional information timely, the court will proceed to rule or set this matter for a telephonic hearing, whichever is appropriate.

ORDER

IT IS ORDERED that:

1) The court RESERVES on the parties' pending joint motion to for court approval of settlement (dkt. #11).

2) The parties may have fourteen (14) days to supplement their motion with information regarding whether (a) plaintiff's compensation under the agreement is reasonably consistent with the minimum hourly wage calculation

contemplated by the FLSA; and (b) counsel's fee recovery is consistent with plaintiff's written agreement or otherwise supported on this record.

3) Barring timely submission of these records, the parties' motion will be dismissed without prejudice.

Entered this 13th day of May, 2020.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge

5